UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**XENA GOODING, CARLOS ROBLES and LIGIA CABEZA,**

    **Plaintiffs,**

v.                                         Case No: 8:22-cv-561-MSS-SPF

**AV CONTRACTORS SERVICES LLC,**

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Joint Motion for Approval of Parties' FLSA Settlement Agreement and Dismissal with Prejudice. (Dkt. 27) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** the Joint Motion for Approval of Parties' FLSA Settlement Agreement and Dismissal with Prejudice.

    **I.**      **BACKGROUND**

Plaintiff Xena Gooding ("Gooding"), on behalf of herself, Carlos Robles ("Robles"), and Ligia Cabeza ("Cabeza" and, collectively, the "Plaintiffs"), filed suit against Defendant seeking damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay a minimum wage, failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and unpaid wages under Florida common law. (Dkt. 7 at ¶ 1) Gooding and Robles began working for Defendant as painters in June

2021, and Cabeza began working for Defendant in the same role in July 2021. (Id. at ¶¶ 23–25) Plaintiffs allege that they worked in excess of forty (40) hours within a work week for Defendant, entitling them to overtime. (Id. at ¶ 27) However, Defendant allegedly failed to accurately record all hours worked by Plaintiffs, failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. (Id. at ¶ 28) (citing to 29 C.F.R. § 516.2) In Count I, Plaintiffs allege that Defendant failed to compensate them for all of the overtime hours that Plaintiffs worked in violation of the FLSA. (Id. at ¶¶ 45–51) In Count II, Plaintiffs assert that, during the statutory period, Defendant failed to pay the applicable federal minimum wage for the hours they worked, as required by the FLSA. (Id. at ¶¶ 52–58) In Count III, Plaintiffs assert an unpaid wages claim under Florida common law. (Id. at ¶¶ 59–63)

## II.     STANDARD OF REVIEW

A claim brought under the FLSA can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine

whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

### III. DISCUSSION

Defendants have entered into settlement agreements with: Gooding, (Dkt. 27-1) (the "Gooding Settlement Agreement"); Robles, (Dkt. 27-2) ("Robles Settlement Agreement"); and Cabeza, (Dkt. 27-3) ("Cabeza Settlement Agreement" and, collectively, the "Settlement Agreements") The Parties represent that the Settlement Agreements "represent[ ] a fair and reasonable resolution to a bona fide dispute between the Parties." (Dkt. 27 at 2, ¶ 4) As the Parties' settlements appear to compromise Plaintiffs' compensation claims, the Court is required to review the Settlement Agreements for dismissal. See Lynn's Food, 679 F.2d at 1352. As such, the Court will analyze the Settlement Agreements to ensure that it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

#### A. Settlement Agreement

In exchange for, inter alia, a release from liability, the Defendant has agreed to pay each of the Plaintiffs the following:

- $4,167.00 to Gooding and said amount includes: (1) $2,000.00 for Gooding's alleged claims of unpaid wages under the FLSA; and (2) $2,167.00 for Gooding's attorney's fees and costs, (Dkt. 27-1 at ¶ 3);

- $4,167.00 to Robles and said amount includes: (1) $2,000.00 for Robles' alleged claims of unpaid wages under the FLSA; and (2) $2,167.00 for Robles' attorney's fees and costs, (Dkt. 27-2 at ¶ 3); and

- $4,166.00 to Cabeza and said amount includes: (1) $2,000.00 for Cabeza's alleged claims of unpaid wages under the FLSA; and (2) $2,166.00 for Cabeza's attorney's fees and costs. (Dkt. 27-3 at ¶ 3)

The Settlement Agreements do not include confidentiality provisions or no re-hire provisions. (See e.g. Dkts. 27-1, 27-2, and 27-3) The Parties also represent that Plaintiffs' attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. (Dkt. 27 at 1)

### B.     Attorneys' Fees and Costs

The FLSA provides for reasonable attorney's fees, and the parties cannot contract in derogation of FLSA's provisions. See Lynn's Food, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") "When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee inquiry detracts from the plaintiff's recovery." Schiraldi v. Quality One Wireless, Inc., No. 610-CV-547-ORL-28GJK, 2010 WL 4342069, at *2 (M.D. Fla. Oct. 1, 2010), report and recommendation adopted, No. 6:10-CV-547-ORL-28, 2010 WL 4337914 (M.D. Fla. Oct. 27, 2010). A "potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs." Id. As such, "[i]t is the Court's responsibility to ensure that any such allocation is reasonable." Id. (citing to Silva v. Miller, 307 Fed Appx. 349, 351–52 (11th Cir. 2009))

4

A court may evaluate the reasonableness of the attorney's fees by (1) using the lodestar method, or (2) "a representation by the parties that plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." Koch v. Wyndham Worldwide Operations, Inc., No. 613CV627ORL28GJK, 2014 WL 12779555, at *1 (M.D. Fla. Sept. 9, 2014); see also Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Here, the Parties represent that Plaintiffs' attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. (Dkt. 27 at 1); (see also id. at 2, ¶ 5) (explaining that "all fees in this matter were negotiated separately and apart from the amount that was negotiated for [Plaintiffs] to recover for their overtime wages claims") As such, the Court finds that attorneys' fees contemplated in the Settlement Agreements are reasonable, given the representation by the Parties that Plaintiffs' attorneys' fees were agreed upon separately and without regard to the amount paid to Plaintiffs. See Koch, 2014 WL 12779555 at *1.

### IV.   CONCLUSION

Based on the foregoing, the Court finds that the Settlement Agreements are fair and reasonable. The Court's approval of the Settlement Agreements in no way alters any party's obligations to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is **ORDERED** that:

1. The Joint Motion for Approval of Parties' FLSA Settlement Agreement and Dismissal with Prejudice, (Dkt. 27), is **GRANTED**.

2. The Settlement Agreements, (Dkts. 27-1, 27-2, and 27-3), are **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of these agreements.

3. The Defendant shall disburse the Settlement Amounts, including attorneys' fees and costs as set forth herein and in paragraph 3 of the Settlement Agreements.

4. This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the parties' Settlement Agreement and Limited Release. **No retainer agreement between the Plaintiffs and counsel shall override or alter the amount of settlement proceeds due to the Plaintiffs in accordance with the terms of the settlement agreements as approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5. The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of December, 2022.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person